## COMMONWEALTH *vs.* JAMES J. GARDNER.

Under an indictment for being a common seller of spirituous and intoxicating liquors on a day specified " and on divers days since," the proof must be confined to acts done on the day specified.

DEWEY, J. The only questions before the court upon this bill of exceptions are those applicable to the first count in this indictment, which charges the defendant with the offence of being a common seller of spirituous and intoxicating liquors " on the first day of October in the year of our Lord one thousand eight hundred and fifty five, and on divers days since."

Upon the trial of the defendant, his counsel objected to any testimony of any sales by him after the first day of October 1855. But the presiding judge ruled that, under this form of indictment, it was competent to introduce evidence of sales made at any time between said first day of October and the time of finding the indictment by the grand jury; and such evidence was accordingly introduced. The question is as to the correctness of this ruling.

It is essential to every indictment that there be a time specifically alleged as that in which the offence was committed. In cases of indictments charging a single act, a day certain must be stated, though it may not be necessary to prove the offence to have been committed on that day. Another class of offences authorizes and may require a more extended allegation of the time in which they were committed; as where a series of acts may enter into and constitute the offence. Such is the case of being a common seller. Sometimes the fact may be established

by the acts of the party done on a single day ; and therefore an indictment for this offence, alleging it to have been committed on some one particular day, would be a good indictment. But usually in practice, and from the necessity of the case, it alleges the offence as having been committed by a series of acts done on different days named in the indictment, charging them to have been committed on a particular day named, and divers other days between that day and some other subsequent day particularly named ; or as committed upon a particular day named, and divers days between that day and the time of finding the indictment. These forms of indictment have, in reference to this class of offences, been fully sanctioned by this court. *Commonwealth* v. *Elwell*, 1 Gray, 463, and cases there cited. *Commonwealth* v. *Wood*, 4 Gray, 11.

Under these forms, it has also been repeatedly held that the time alleged is material, and the prosecutor is limited to the precise period specified in the indictment. All acts, occurring either prior or subsequently to the period of time thus charged, are excluded as substantive acts, and are not admissible under such an indictment. The government have the right to charge the offence as a continuous one, to be established by proving a series of acts, but is held strictly to the precise period charged.

The question arising here is, whether an allegation that the defendant, " on the first day of October in the year of our Lord one thousand eight hundred and fifty five, and on divers days since," does allege any certain and definite time subsequent to the first day of October. If it does, then it was competent to introduce evidence tending to prove sales of liquor after the first day of October. If not, then the only time specifically charged was the first day of October, and all evidence of acts subsequent to that day should have been excluded.

Upon looking at the books of precedents, in which offences charged are not limited to a single specified day, we think it will be found that one or the other of the forms to which we have alluded has been adopted. The mode adopted in the present case, of stating the time as between a certain time named,

" and on divers days since," is, we think, a departure from that certainty of legal language which should be required. This phrase may include the whole period from the first day of October to the time of the finding of the bill; but, as legal language, it is not that certain, definite period of time, which the government should set forth in an indictment, where the time alleged is material. The objection is, that these words do not fix a day certain, or a period limited precisely in duration. The court are of opinion that, under this form of indictment, no offence is well charged except that of being a common seller on the first day of October, and that the evidence tending to prove sales after that day was improperly admitted.    *Exceptions sustained.*

*J. W. Perry*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.